AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America<br>v.<br>RUSSELL M. JOHNSON, JR.<br><br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>) | Case No.  13-8039-WM |

FILED by _____ D.C.
JAN 2 5 2013
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of ____January 25, 2013____ in the county of ____Palm Beach____ in the ____Southern____ District of ____Florida____, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C., Sections 922(g) and 924(e) | Felon in possession of a firearm, to wit, a Springfield Armory Model 19911-A .45 caliber semiautomatic handgun. |

This criminal complaint is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Troy Raines, TFO, ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: January 25, 2013

_____
*Judge's signature*

City and state: ____West Palm Beach, FL____   William Matthewman, U.S. Magistrate Judge
*Printed name and title*

Your affiant, Troy L. Raines, first being duly sworn, does hereby depose and state as follows:

1. Your affiant has been a police officer for over eighteen years. Your affiant was employed as a certified Police Officer from January 1994 to August 2001 with the Salisbury Police Department in Salisbury, MD. Since August 2001, your affiant has been employed as a police officer with the Boynton Beach Police Department in Boynton Beach, FL. During this tenure, your affiant has been involved in patrol operations, street crimes units, and Detective Bureau. Your affiant has been involved in several investigations involving violent crimes. Your affiant has been involved in the writing and execution of over fifty search and seizure warrants for narcotics, and other items related to violent crimes. Your affiant has received numerous hours of training in homicide investigations, narcotics investigations, street gang investigations, and investigative interviewing procedures. Since September 2006, your affiant has been assigned to the Palm Beach County Sheriff's/Violent Crimes Task Force/Gang Unit. Your affiant was deputized as a Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) in December 2009. Your affiant's responsibilities include investigating violations of federal law, including violations of the Gun Control Act (Title 18 United States Code, Chapter 44).

2. This affidavit is based upon your affiant's personal knowledge, review of reports, and information obtained from other law enforcement officials and civilians. This affidavit does not contain every fact about this case known to your affiant, but only enough facts to establish probable cause to believe that Russell M. JOHNSON Jr. committed a

violation of 18 U.S.C. §§ 922 (g)(1) and 924(e), possession of a firearm by a convicted felon.

3. On January 25, 2013 Boynton Beach Police Department (BBPD) executed several search warrants in the city of Boynton Beach related to an ongoing narcotics investigation. As part of this investigation, a search warrant was executed at 1609 Northeast 2nd Court, Boynton Beach, Palm Beach County, Southern District of Florida. The search warrant was signed by the Honorable Judge Marni Bryson on January 18, 2013. Upon execution of the search warrant, it was determined that there were two individuals inside the residence. They were identified as the defendant, Russell M. JOHNSON Jr. and his girlfriend, Victoria Williams.

4. Upon initial contact with JOHNSON Jr., FBI S/A Gavin Gumbinner asked JOHNSON Jr. if there was anyone else inside the residence. JOHNSON Jr. stated that his girlfriend was inside the residence. SA Gumbinner then asked JOHNSON Jr. if there was anything in the residence that officers needed to be concerned about for officer safety. JOHNSON Jr. stated that he had a firearm in the bedroom. At this time, JOHNSON Jr. and Williams were secured outside of the residence pending the search.

5. After the residence was secured, SA Gumbinner advised Boynton Beach Agent Kautz that JOHNSON Jr. made a spontaneous utterance that he had a firearm in the bedroom. Agent Kautz commenced the search, and while searching the bedroom, he located a Springfield Armory .45 caliber semiautomatic handgun, Model 1911-A, Serial # 18768 in a bedroom dresser drawer. The firearm was loaded with (7) Winchester .45 caliber live rounds. During a further search of the residence, Agent Kautz located on the couch in the living room 7.9 grams of marijuana. In the kitchen, Agent Kautz located a digital scale

lying on the countertop. The scale appeared to contain cocaine residue. Agent Kautz conducted a field test and confirmed that the residue was powder cocaine. In the cupboard above the scale, Agent Kautz located a small plastic bag containing suspected cocaine. Again, a field test was conducted and the substance tested positive for cocaine. The bag contained 2.1 grams of cocaine. Also in the same cupboard, Agent Kautz located (65) oxycodone pills and (23) xanax pills in separate pill bottles, neither of which had prescription labels. All of the evidence was photographed in place, and then collected and turned into the BBPD evidence.

6. Your affiant was contacted in reference to the firearm, and I began an investigation into the case. Your affiant ran an NCIC criminal history check and a computer check from the 15th Judicial Circuit Court Clerk of Courts website and discovered that prior to January 25, 2013, the defendant Russell M. JOHNSON Jr. was previously convicted of the following felony offenses:

    November 3, 1999-Possession of Cocaine-Case # 99-99754CFA02

    November 3, 1999-Sale of Cocaine-Case # 99-99755CFA02

    May 2, 2005-Tampering with Physical Evidence-Case # 04CF007788A02

    July 19, 2005-Sale of Cocaine-Case # 05CF5402A02

    January 8, 2008-Fleeing and Attempting to Elude-Case # 07CF013301AMB

7. Your affiant and SA Gumbinner attempted to interview JOHNSON Jr. at the BBPD in reference to the firearm. Your affiant read JOHNSON Jr. his Miranda Rights on a pre-printed BBPD Miranda Rights Card, which was signed by JOHNSON Jr. Prior to any questions being answered, JOHNSON Jr. requested to speak to an attorney. At this time, no questions were asked of JOHNSON Jr. and he was placed into a holding cell at BBPD

to await processing. Your affiant then advised JOHNSON Jr. that his case was being prosecuted by the US Attorney's Office as a federal case. JOHNSON Jr. spontaneously stated, "Can't you cut me a break? You know that there have shootings and two people were killed near my house."

8. At this time, your affiant and SA Gumbinner returned to 1609 Northeast 2nd Court Boynton Beach, Florida and met with Victoria Williams. Williams invited us into her residence and agreed to be interviewed. At this time, I conducted a taped interview of Williams. Williams was placed under oath at the beginning of the interview. The following is a brief synopsis of Williams' statement: Williams stated that she was aware of the firearm being in her residence, and she knew that the firearm belonged to JOHNSON Jr. Williams stated that when she folded and put away clothes, she saw the firearm in the dresser drawer. Williams stated that the firearm was not hers and that she had never handled the firearm. Williams could not state how long JOHNSON Jr. had the firearm. Williams also stated that while she and JOHNSON Jr. were handcuffed outside of the residence, she heard JOHNSON Jr. tell the police that the firearm was in the bedroom.

9. Your affiant consulted with ATF SA Michael Kelly, who has received extensive training in the manufacture and commerce of firearms, and has been admitted as an expert witness in the area of the interstate nexus of firearms and ammunition on numerous prior occasions in the United States District Court for the Southern District of Florida, and elsewhere. SA Kelly advised your affiant that the Springfield Armory Model 19911-A .45 Caliber firearm and Winchester ammunition were not manufactured inside the State

of Florida, and therefore, had to have traveled in and affected interstate and/or foreign commerce.

10. Based upon the previous facts, your affiant believes that there is probable cause to believe that Russell M. JOHNSON Jr. illegally possessed a firearm after being convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of Title 18 U.S.C., Sections 922(g)(1) and 924(e).

TROY L. RAINES
TASK FORCE OFFICER
BUREAU OF ALCOHOL,
TOBACCO, FIREARMS
AND EXPLOSIVES

Sworn to and subscribed before me this
25th day of January, 2013

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. __13-8039-WM__

UNITED STATES OF AMERICA

v.

RUSSELL M. JOHNSON, JR.,

　　　　Defendant.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003? _____ Yes __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007? _____ Yes __X__ No

　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　WIFREDO A. FERRER
　　　　　　　　　　　　　　　　UNITED STATES ATTORNEY

　　　　　　　　　　　BY:　　/s/ Rinku Tribuiani
　　　　　　　　　　　　　　　　RINKU TRIBUIANI
　　　　　　　　　　　　　　　　ASSISTANT UNITED STATES ATTORNEY
　　　　　　　　　　　　　　　　Florida Bar No. 0150990
　　　　　　　　　　　　　　　　500 S. Australian Avenue, Suite 400
　　　　　　　　　　　　　　　　West Palm Beach, FL 33401-6235
　　　　　　　　　　　　　　　　Tel: (561) 820-8711
　　　　　　　　　　　　　　　　Fax: (561) 820-8777
　　　　　　　　　　　　　　　　Rinku.Tribuiani@usdoj.gov